UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERRY GRINER, an individual

    Plaintiff,

v.                                      Case No: 2:17-cv-282-FtM-99MRM

CITY OF SANIBEL, FLORIDA,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant City of Sanibel, Florida's Motion to Dismiss (Doc. 14), which Plaintiff Kerry Griner opposes (Doc. 17). For the following reasons, the Court grants the motion with leave to amend.

## BACKGROUND[2]

This case arises from Griner's former employment for the City of Sanibel's Police Department. Sometime last year, Griner complained to his superiors, Lieutenants Thompson and Dalton (collectively, the "Lieutenants"), that a fellow female officer was sexually harassed. (Doc. 10 at ¶¶ 12-14). An alleged sham investigation ensued that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The facts recited herein are taken from the Amended Complaint and are assumed true for purposes of deciding the City's motion to dismiss.

resulted in the Lieutenants finding no harassment. (*Id.* at ¶¶ 16-19). The Lieutenants then met with Griner and the female officer. The Lieutenants allegedly accused Griner of "inflaming and fabricating the entire series of events that led to the [harassment] complaint," and they questioned his "integrity, honesty, and judgment." (*Id.* at ¶¶ 20-21). After the meeting, Griner worked the night shift alongside "the female officer and the male officer accused of the harassment." (*Id.* at ¶ 24).

Griner thereafter resigned because "[t]he disparaging verbal discipline created a hostile work environment and began to unreasonably interfere with [his] ability to perform within the confines of the department." (*Id.* at ¶ 28; Doc. 10-3). He also believed the Lieutenants disliked him because he reported the alleged harassment. And based on his prior experience, the Lieutenants "pushed out" people they did not like. (Doc. 10 at ¶¶ 25-26). To protect his professional reputation, Griner was allegedly forced to resign. (*Id.* at ¶ 29).

A few days after his resignation, Griner filed a charge of discrimination with the requisite federal and state agencies. (Doc. 10-4). He thereafter timely filed this suit. (Doc. 10; Doc. 10-2). He brings this four-count action for retaliation and constructive discharge under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA"). The City now moves to dismiss the Amended Complaint.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8, a plaintiff is required to provide a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Although the complaint need not make detailed factual allegations, it must provide more

than labels, conclusions, and formulaic recitations of the elements of the cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

At the pleading stage, Federal Rule of Civil Procedure 8 is read in conjunction with Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this preferential standard of review does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted)). Conclusory allegations do not "unlock the doors of discovery" for a plaintiff. *Id.* at 678-79. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Griner brings two counts of retaliation under Title VII and the FCRA and two counts of constructive discharge under the same statutes. The City moves to dismiss all counts for failure to state a claim. (Doc. 14). The Court will address the City's arguments in turn.

**A. Counts I and II: Retaliation**

Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3.[3] A prima facie case of retaliation under Title VII requires the plaintiff to show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the adverse employment action and the protected activity. *See Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009); *see also McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 982 (11th Cir. 2015) (stating, "[e]ven if a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy Iqbal's 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relieve above the speculative level' under Twombly" (citations omitted)).

Here, the City argues that Griner fails to allege an adverse employment action. "[I]n the context of a Title VII retaliation claim, a materially adverse action 'means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. & White*, 548 U.S. 53, 68 (2006)). "[P]etty slights, minor annoyances, and simple lack of good manners" in the workplace are normally not

---

[3] Claims under the FCRA are analyzed in the same manner as claims brought under Title VII. *See Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n.11 (11th Cir. 2000); *Wilbur v. Corr. Services Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). Thus, in this analysis, the Court does not distinguish between the two statutes.

actionable under Title VII. See Burlington, 548 U.S. at 68. The City contends that is all Griner alleges here.

In response, Griner argues that his constructive discharge is the adverse action he suffered. (Doc. 17 at 6). According to him, the Lieutenants blamed him for fabricating and inflaming the alleged harassment and questioned his integrity, honesty, and judgment. By so doing so, Griner asserts that they undermined his supervisory position and jeopardized his reputation. He argues he had no choice but to resign in such a "hostile work environment," and that a reasonable employee in his position would have done the same. (*Id.*). The Court finds Griner's argument a reach. Although a constructive discharge may constitute an adverse action for purposes of showing retaliation, the constructive discharge must still be plausible on its face. And Griner's claim that the Lieutenants would have pushed him out because he had seen it happen to other employees they disliked is at best speculative. It is a "naked assertion devoid of further factual enhancement" that contravenes *Iqbal* and *Twombly*. Twombly, 550 U.S. at 557. Even the most favorable reading of Griner's retaliation claims falls short of a plausible adverse action.

The Court, therefore, grants the City's motion to dismiss as to Counts I and II . But it will grant Griner leave to amend.

**B.  Counts III and IV: Constructive discharge**

Besides retaliation, Griner brings two independent claims for constructive discharge under Title VII and FCRA. According to him, the City's "humiliation and badgering of [him] were calculated to encourage [his] resignation." (Doc. 10 at ¶¶ 69, 77).

The threshold to prove constructive discharge is "quite high" – even "higher than the standard for proving a hostile work environment." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001). "In evaluating constructive discharge claims, [courts] do not consider the plaintiff's subjective feelings. Instead, [they] employ an objective standard." *Id.* Thus, to succeed on a constructive discharge claim under Title VII, a plaintiff must show "that working conditions were so intolerable that a reasonable person in his position would have been compelled to resign." *Id.* (internal quotations omitted); *see also Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997). In addition, "[a]n employee has the responsibility to act reasonably before choosing to resign, and then labeling that resignation as a constructive discharge." *MacLean v. City of Petersburg*, 194 F. Supp. 2d 1290, 1300 (M.D. Fla. 2002).

Applying these standards, Griner's allegations do not carry the day. To start, he does not even allege that his work conditions were so intolerable that he had no choice but to resign. At most, he makes the conclusory statement – with nothing more – that "[f]aced with the same circumstances and knowledge of the past treatment of former officers which led to their being pushed out of the department, a reasonable person would have resigned." (Doc. 10 at ¶¶ 68, 76); *see generally Medearis v. CVS Pharmacy, Inc.*, 646 F. App'x 891, 898-99 (11th Cir. 2016) ("Title VII does not protect employees from stressful workplace environments."). That is simply not enough. Even drawing all reasonable inferences in Griner's favor, he has failed to provide facts sufficient to state a constructive discharge claim.

The Court, therefore, grants the City's motion to dismiss Counts III and IV of the Amended Complaint. But it will grant Griner leave to amend.

Accordingly, it is now

**ORDERED:**

(1) Defendant City of Sanibel, Florida's Motion to Dismiss (Doc. 14) is **GRANTED**.

(2) Plaintiff Kerry Griner may file an amended complaint on or before **September 14, 2017**. **Failure to do so will result in this case being dismissed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of August 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record